UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA JEWELL,

    Plaintiff,

Case No. 13-10186

v.

Hon. John Corbett O'Meara

OPTION ONE MORTGAGE CORPORATION
and DEUTSCHE BANK NATIONAL TRUST CO.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed February 25, 2013, which has been fully briefed. The court did not hear oral argument. For the reasons explained below, Defendants' motion is granted.

**BACKGROUND FACTS**

Plaintiff Linda Jewell obtained a loan from Option One Mortgage Corporation in the amount of $96,000 in 2005. As security, Plaintiff executed a mortgage on real property located at 3576 Furgerson Street, Melvindale, Michigan. The mortgage was assigned to Deutsche Bank National Trust Company (as Trustee for a Citigroup mortgage loan trust) in 2005. The assignment was recorded on January 25, 2012.

Plaintiff defaulted on the loan; Deutsche Bank foreclosed by advertisement in 2012. The property was sold at a sheriff's sale on March 8, 2012, to Deutsche Bank. The statutory redemption period expired on September 8, 2012. Plaintiff did not redeem the property. Rather, Plaintiff filed this quiet title action on December 12, 2012.

**LAW AND ANALYSIS**

Defendants seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

As Defendants point out, it is undisputed that the redemption period has expired. Once the redemption period has expired, a plaintiff is generally barred from challenging the foreclosure sale. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period").

In order to overcome this hurdle and toll the redemption period, Plaintiff must allege

fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted).

Plaintiff alleges that she was led to believe that she would either obtain a loan modification, or a definitive decision on a loan modification, before the sheriff's sale would go forward. These allegations do not constitute the type of fraud or irregularity required to set aside the sheriff's sale. First, any promise from a financial institution to modify a loan must be in writing to be enforceable. See M.C.L. 566.132(b)(2) ("A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation" must be in writing to be enforced under Michigan law). See also Carl v. BAC Home Loans Serv. LP, 2011 WL 3203086 at *2-3 (E.D. Mich. July 27, 2011) (alleged oral promise to modify loan cannot support fraud or quiet title claims). Plaintiff cannot produce such a writing here.

Second, an alleged violation of M.C.L. 600.3205c, which requires a lender to consider the borrower for a loan modification before proceeding with foreclosure by advertisement, does not serve to void the foreclosure. See Acheampong v. Bank of New York Mellon, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013) (Cohn, J.) ("[A] violation of the loan modification statute,

standing alone, is not enough to show fraud or irregularity.").

Because Plaintiff has not made allegations of fraud or irregularity sufficient to toll the redemption period, her rights and title to the property have been extinguished. Accordingly, the court will grant Defendants' motion to dismiss.

## **ORDER**

IT IS HEREBY ORDERED that Defendants' February 25, 2013 motion to dismiss is GRANTED.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date:  May 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 10, 2013, using the ECF system.

                                         s/William Barkholz
                                         Case Manager